USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRANDALENE HORN,
    a/k/a "Brandy Horn,"
    a/k/a "Brandy Silvey,"
    a/k/a "Brandy Barror,"

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

24 Cr. 638 (LAK)

        WHEREAS, on or about November 13, 2024, BRANDALENE HORN (the "Defendant"), was charged in an Indictment, 24 Cr. 638 (LAK) (the "Indictment"), with mail fraud, in violation of Title 18, United States Code, Section 1341 (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Two); and interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Counts One, Two, and Three of the Indictment;

        WHEREAS, on or about May 15, 2025, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three and agreed to forfeit to the United

States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $823,103 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Three of the Indictment; and (ii) all right, title, and interest of the Defendant in the following specific property, which was seized from the defendant's residence in Freeland, Michigan on February 14, 2024;

   a. Rays for Days orange floral dress with barcode 10195577;
   b. Spell black crochet pants;
   c. Lioness jeans;
   d. Pilco coveralls;
   e. Parker striped dress with barcode 11222813;
   f. Nigel Xavier tie dye jacket;
   g. Sipos black jacket;
   h. Bank NYC sequin jacket with barcode M10181625;
   i. Baobob dress with barcode S10540384;
   j. Lovesick black and red jeans;
   k. Lovesick black button up black shirt;
   l. Love & Lemons black dress;
   m. Monse black pants with barcode 15844479;
   n. Monse black pants with barcode 15844609;
   o. Catherine Deane white floral corset;
   p. Alice McCall black dress;
   q. Alice McCall blue dress;

r. Milk It blue belted cord blazer;

s. Sea NY cream dress with Real Real Tag;

t. Farm Rio dress with barcode T12202603;

u. Patou green pants with barcode 15147599;

v. Milk It blue corduroy vest;

w. Milk It blue corduroy pants;

x. Citizens of Humanity jean jumpsuit;

y. Levi's tie dye jeans with barcode NU1050892798;

z. BHLDN dress with barcode NU1055906922;

aa. Spell white crochet pants;

bb. Free People dress;

cc. Sea NY shorts;

dd. Spell orange floral bra;

ee. Rent with Runway multicolored chunky bracelet;

ff. Rent with Runway silver/white beaded bracelet;

gg. Rent with Runway turquoise beaded necklace and metal hoop;

hh. Lizzie Fortunato necklace with barcode 90428059;

ii. Lizzie Fortunato bag with barcode 90291167;

jj. Marchesa Notte black/gold dress;

kk. True Religion jeans;

ll. Spell button-up jean shirt;

mm. Missoma necklace with barcode 90425230;

nn. Saachi Afghan sweater;

    oo. Spell furry coat;

    pp. Tach crochet sweater with barcode NU1038003975;

    qq. Classic Rock Culture Jacket;

    rr. Greater Good jacket; and

    ss. Hippie Shake Heroes coat;

(a., through ss., collectively the "Specific Property");

  WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $823,103 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Three of the Information that the Defendant personally obtained;

  WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the Specific Property, which constitutes property used or intended to be used to facilitate the offense charged in Count Three of the Indictment;

  WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Katherine Cheng, of counsel, and the Defendant and her counsel, Mitchell Schwartz, Esq., that:

1. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $823,103 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant BRANDALENE HORN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____  4/26/2025
KATHERINE CHENG                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2492

BRANDALENE HORN

By: _____  5/15/25
BRANDALENE HORN                          DATE

By: _____  5/15/25
MITCHELL SCHWARTZ, ESQ.                  DATE
Attorney for Defendant
52 Duane Street 10th Floor
New York, New York 10007

SO ORDERED:

_____  10/29/25
HONORABLE LEWIS A. KAPLAN              DATE
UNITED STATES DISTRICT JUDGE